IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denise Velazquez, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 8491 |
| ER Solutions, Inc., n/k/a Convergent Outsourcing, Inc., a Washington corporation, and Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
|     Defendant. | ) | |

## COMPLAINT

Plaintiff, Denise Velazquez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violate the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

## PARTIES

3.    Plaintiff, Denise Velazquez ("Velazquez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to

collect a delinquent consumer debt allegedly owed originally for a Target credit card, but which had been purchased, after default, by Asset Acceptance.

4. Defendant, ER Solutions, Inc., n/k/a Convergent Outsourcing, Inc. ("ERS"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, ERS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business from its offices in Chicago, Illinois, and eight other states, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via collection letters, phone calls, credit reporting and lawsuits.

7. Defendants ERS and Asset are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both ERS and Asset conduct business in Illinois.

8. Defendants ERS and Asset are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, both ERS and Asset act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. On September 15, 2011, Ms. Velazquez and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Velazquez, N.D. Ill. Bankr. No. 11-37481. Among the debts listed on Schedule F of Ms. Velazquez' bankruptcy petition was the debt she allegedly owed to Asset Acceptance for a Target credit card. See, excerpt of bankruptcy petition, attached as Exhibit C.

10. On September 17, 2011, Asset Acceptance was sent notice, via electronic transmission by the bankruptcy court, of the Velazquez' bankruptcy, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, which is attached as Exhibit D.

11. Nonetheless, Defendants sent Ms. Velazquez a collection letter, dated September 20, 2011, demanding payment of the Asset/Target debt she had owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit E.

12. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendants knew that Ms. Velazquez was represented by counsel in connection with her debts, via her bankruptcy petition and notice. By directly sending Ms. Velazquez a collection letter (Exhibit E), despite being advised that she was

represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

21. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Denise Velazquez, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Velazquez, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Denise Velazquez, demands trial by jury.

Denise Velazquez,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: November 29, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com